# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL and ARELI LUCERO,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br>COUNTRYWIDE BANK N.A., et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 09cv1742 BTM (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Defendants Countrywide Bank, N.A. and Recontrust Company, N.A. have filed a Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 11]. Plaintiffs filed an Ex-Parte Motion for Leave to File a Late Opposition [Doc. 14]. For the following reasons, the Court **GRANTS in part** and **DENIES in part** the Motion to Dismiss [Doc. 11] and **GRANTS** the Ex-Parte Motion [Doc. 14].

## I. BACKGROUND[1]

Plaintiffs seek monetary and injunctive relief for claims arising out of a purchase-money mortgage they used to buy property at 1114 Osage Drive, Spring Valley, California. Plaintiffs financed the purchase through loans from Defendant Countrywide and Defendant Diversified Investments dba Loan Ex Funding ("Loan Ex"). The parties executed the loans

---

[1] The following are merely allegations in the First Amended Complaint, not the Court's factual findings.

in March 2006.[2]

Plaintiffs allege that Countrywide and Loan Ex falsified the loan documents and failed to make proper disclosures in connection with the loans. They also allege that Countrywide failed to comply with the Making Home Affordable Refinance program by failing to modify the terms of their loan.

Plaintiffs' home was sold in a foreclosure sale in January 2009. Before the foreclosure, Plaintiffs were never offered options to avoid it or modify their loan.

Plaintiffs hired a lawyer in the summer of 2009, and it was not until then that they discovered the numerous purported violations in the loan application, loan modification requests, and foreclosure process, among other things.

Plaintiffs allege seven causes of action: (1) intentional misrepresentation, (2) breach of fiduciary duty, (3) violations of the Truth in Lending Act ("TILA"), (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), (5) violation of California Civil Code § 1632, (6) breach of contract, and (7) violation of California Business and Professions Code § 17200 et seq.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[2] The Court notes that the loan application attached to Defendants' Motion to Dismiss is dated December 2005. For purposes of the Motion to Dismiss, the Court uses the date stated in the First Amended Complaint.

statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

In ruling on a motion to dismiss, a court may take judicial notice of matters of public record that are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## III. DISCUSSION

**A.    Intentional Misrepresentation**

The elements of an intentional misrepresentation claim are (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997). The statute of limitations for intentional misrepresentation, a form of fraud, is three years, starting on the date of discovery by the aggrieved party. Cal. Civ. Proc. Code § 338(d). The aggrieved party is deemed to have discovered the fraud when it has reason to suspect it has been defrauded. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005).

Here, Plaintiffs failed to plead the elements of intentional misrepresentation. Plaintiffs allege that Defendants misrepresented Plaintiffs' income on the loan application. But Plaintiffs cannot plead reasonable reliance on income figures written by Defendants because Plaintiffs knew or should have known their actual income. Moreover, Plaintiffs had an opportunity to review the loan application, as evidenced by their initials on each page of the loan application, including the page stating their income. Plaintiffs signed the application, and they cannot now claim to have relied on misrepresentations contained within it. *See Brown v. Wells Fargo Bank, N.A.*, 168 Cal. App. 4th 938, 958–59 (2008) (no reasonable reliance where aggrieved party had reasonable opportunity to discover terms of contract).

Plaintiffs' claim is also time barred. According to the First Amended Complaint

("FAC"), they signed the loan documents in March 2006. Their claim accrued when they signed the documents because they should have discovered the fraud when they initialed each page and signed the loan application. *See Fox*, 35 Cal. 4th at 807. They filed suit in August 2009, beyond the three-year statute of limitations for fraud. Additionally, Plaintiffs have not alleged facts sufficient to toll the accrual of their claim.

Plaintiffs also argue that they could not have discovered the fraud because they speak Spanish. But Plaintiffs do not allege they cannot understand English, only that their primary language is Spanish. Even if they could not understand English, however, "it is generally unreasonable . . . to neglect to read a written agreement before signing." *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 424 (1996).

For these reasons, the Court **DISMISSES without prejudice** Plaintiffs' claim for intentional misrepresentation as against all Defendants.

**B.     Breach of Fiduciary Duty**

Plaintiff asserts a breach of fiduciary duty claim against Loan Ex only. Loan Ex has not appeared in this action and the other Defendants have not moved to dismiss this claim. Thus, this claim survives.

**C.     TILA Claim**

Any action for damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, must be brought within one year of the loan execution. 15 U.S.C. § 1640(e); *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Here, Plaintiffs executed the loan documents in March 2006. They filed this suit in August 2009, well beyond the one-year limitations period. Additionally, although courts may equitably toll TILA claims "in certain circumstances" such as fraudulent concealment, *King v. State of California*, 784 F.2d 910, 914–15 (9th Cir. 1986), Plaintiffs have not alleged any facts justifying equitable tolling.

Plaintiffs also seek rescission of the loan under TILA. Rescission actions under TILA have a three-year limitations period if there are defects in the notice of right to cancel. 15

U.S.C. § 1635(f). Plaintiffs filed their action beyond the three-year period. Additionally, the right of rescission "does not apply to – a residential mortgage transaction." 15 U.S.C. § 1635(e)(1). And a residential mortgage transaction is defined as a "transaction in which a mortgage [or] deed of trust . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). Here, Plaintiffs allege they received the loans at issue in connection with the purchase of their home. Thus, even if Plaintiffs filed their suit in time, TILA does not give them a right of rescission.

Lastly, Recontrust is not a proper Defendant in the TILA claim because, according to the loan documents, it merely acted as trustee under the deed of trust. There are no factual allegations that Recontrust was involved in the loan application process or contributed to the TILA violations in any way.

The Court therefore **DISMISSES without prejudice** Plaintiffs' claim for TILA violations as against all Defendants.

### D.    RESPA Claim

RESPA claims must be brought within at most three years of the date the violation occurred. 12 U.S.C. § 2614. Some RESPA claims must be brought within one year. *Id.* Like the TILA claims, Plaintiffs filed suit beyond the three-year limitations period and they have not alleged facts justifying tolling.

Plaintiffs also fail to plead facts supporting their allegation that Defendants received improper fees and kickbacks in connection with the origination of the loan. They merely recite the statutory language of RESPA without asserting any facts supporting their conclusory allegations. Their conclusory allegations are insufficient to state a claim. *See Iqbal*, 129 S. Ct. at 1949.

For these reasons, the Court **DISMISSES without prejudice** Plaintiffs' claim for RESPA violations as against all Defendants.

### E. California Civil Code § 1632

Defendants have not moved to dismiss this claim so this claim survives.

### F. Breach of Contract

Plaintiffs allege that Countrywide entered into a Servicer Participation Agreement for the Home Affordable Modification Program ("HAMP Contract") with Fannie Mae, and that they were third-party beneficiaries under it. Plaintiffs allege that they were entitled to a loan modification under the terms of the HAMP Contract but they never received one, and Countrywide therefore breached the HAMP Contract.

The Court has reviewed the HAMP Contract and finds no provisions requiring Countrywide to modify loans like Plaintiffs. *Cf. Aleem v. Bank of America*, No. EDCV 09-018122010, WL 532330, at * 4 (C.D. Cal. Feb. 9, 2010) ("There is no express or implied right to sue fund recipients, however, under . . . HAMP."). Nor do Plaintiffs cite law requiring Countrywide to modify their loan.

Moreover, Plaintiffs allege that "[i]f a borrower under a loan serviced or owned by COUNTRYWIDE seeks modification," the HAMP Contract requires Countrywide to modify it if the borrower is eligible. But Plaintiffs fail to allege that they ever sought or requested a loan modification from Defendants. They merely allege that Defendants never gave them one. Thus, even if Countrywide had an obligation to modify their loan upon request, Country is not liable for breach because Plaintiffs never requested a modification.

For these reasons, the Court **DISMISSES without prejudice** Plaintiffs' breach of contract claim.

### G. California Business and Professions Code § 17200 et seq.

Section 17200 of the California Business and Professions Code "'borrows' violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992).

"Violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim." *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838–39 (1994)). Because a § 17200 claim may be based on violations of other laws, and because some claims remain against the Defendants, the Court declines to dismiss this cause of action at this time.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the Motion to Dismiss [Doc. 11]. The Court **GRANTS** the Ex-Parte Motion for Leave [Doc. 14] because the Court finds good cause for Plaintiffs' failure to file its opposition on time. The Court has also considered Defendants' reply brief in connection with this order.

Plaintiffs shall have twenty-one days to file a Second Amended Complaint, if any, that cures the deficiencies described herein.

**IT IS SO ORDERED.**

DATED:  May 10, 2010

Honorable Barry Ted Moskowitz
United States District Judge