# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL LUCERO, and ARELI LUCERO,<br><br>  Plaintiffs,<br>    v.<br>DIVERSIFIED INVESTMENTS INC. dba LOAN EX FUNDING, COUNTRYWIDE BANK NA, RECONTRUST COMPANY, N.A., and DOES 1–20,<br><br>  Defendants. | Case No. 09cv1742 BTM (BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendants Countrywide Bank NA and Recontrust Company, NA have filed a motion to dismiss the Second Amended Complaint [Doc. 20]. Their motion is unopposed. For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND[1]

Plaintiffs seek monetary and injunctive relief for claims arising out of a refinancing of their property at 1114 Osage Drive, Spring Valley, California. Plaintiffs applied for the refinancing to Defendant Diversified Investments dba Loan Ex Funding ("Loan Ex"), and Defendant Countrywide financed their loan. The parties executed the loans in March 2006.[2]

---

[1] The following are merely allegations in the First Amended Complaint, not the Court's factual findings.

[2] The Court notes that the loan application attached to Defendants' Motion to Dismiss is dated December 2005. Still, because the statute of limitations is an issue, for purposes of the Motion to Dismiss the Court uses the later date stated in the First Amended Complaint, March 2006.

Plaintiffs allege that Countrywide and Loan Ex falsified the loan documents and failed to make proper disclosures in connection with the loans. They could not understand the English-language loan documents because they are native Spanish speakers. Plaintiffs' home was sold in a foreclosure sale in January 2009.

Plaintiffs hired a lawyer in the summer of 2009, and it was not until then that they discovered the numerous purported violations in the loan application, loan modification requests, and foreclosure process, among other things.

The Court dismissed several of Plaintiffs' claims in an earlier order dated May 10, 2010. Plaintiffs have filed a Second Amended Complaint ("SAC"), which alleges six causes of action: (1) intentional misrepresentation, (2) breach of fiduciary duty, (3) violations of the Truth in Lending Act ("TILA"), (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), (5) violation of California Civil Code § 1632, and (6) violation of California Business and Professions Code § 17200 et seq.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

In ruling on a motion to dismiss, a court may take judicial notice of matters of public record that are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## III.  DISCUSSION

The Court addresses Plaintiffs' six claims to determine if any of them state a claim for relief.

**1.    Intentional Misrepresentation Claim**

The elements of an intentional misrepresentation claim are (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997). In addition to stating facts for each element, a claim for negligent misrepresentation must be alleged with particularity under Rule 9(b). *Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (citing *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999). That means a complaint "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc). And a complaint cannot lump defendants together; plaintiffs must "differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).

Plaintiffs have not stated their claim with particularity. Although they allege generally that Defendants misrepresented the interest rate and other features of the loan they received, in each allegation they lump all three Defendants together or refer to both LoanEx and Countrywide. Never do they allege who specifically made the misrepresentations or

when they made them. For example, they allege that "[d]uring the loan transaction and to date, Defendants LOANEX and COUNTRYWIDE defrauded Plaintiffs by concealing or suppressing" several material facts from Plaintiffs. The problem with this allegation is obvious. Not only does it refer to a time period all the way from the origination of the loan up until the filing of the Complaint, it also lumps Loan Ex and Countrywide together. And, of course, Loan Ex and Countrywide can only act through real people, but their identities remain a mystery because of Plaintiffs' vague pleading.

Plaintiffs' intentional-misrepresentation claim is also barred by the statute of limitations. The statute of limitations for this claim is three years, Cal. Civ. Code § 338(d), starting from when a plaintiff discovered or should have discovered the fraud, *see Goldrich v. Natural Y Surgical Specialties, Inc.*, 25 Cal. App. 4th 772, 779 (1994). Plaintiffs filed their action in August 2009, over three years after they allegedly executed the loans at issue here in March 2006. For these reasons, the Court **DISMISSES** the intentional-misrepresentation claim in its entirety.

**2.     Breach of Fiduciary Duty Claim**

This claim is only asserted against Loan Ex, and Loan Ex has not appeared. This claim is not involved in the present motion.

**3.     Truth in Lending Act Claims**

Plaintiffs' third cause of action asserts Truth in Lending Act ("TILA") violations against Countrywide and Loan Ex. As the Court held in its earlier order dismissing Plaintiffs' TILA claim, their claim for damages is time barred because they filed it well beyond the one-year deadline. *See* 15 U.S.C. § 1640(e); *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). But TILA claims can be equitably tolled "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action," *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), and Plaintiffs have made new allegations which attempt to invoke that doctrine.

Plaintiffs now allege they are native Spanish speakers and cannot understand English. They therefore could not understand the loan documents which they signed. These allegations, however, are insufficient to invoke equitable tolling. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Although Plaintiffs claim they could not read the loan documents, a diligent plaintiff would have the documents translated before the statute of limitations had expired.

Plaintiffs' TILA rescission claim must also be dismissed. TILA rescission claims have a strict statute of limitations of three years, and equitable tolling cannot enlarge the limitations period. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412–13 (1998) ("§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period" under TILA, even if lender never made the required disclosures). Plaintiffs executed the loans in March 2006 and filed this action in August 2009, so their rescission claim fails.

The Court **DISMISSES** Plaintiffs' TILA claim.

**4.     Real Estate Settlement Procedures Act Claim**

Plaintiffs' fourth cause of action is one for violations of the Real Estate Settlement Procedures Act ("RESPA"). Defendants first argue that Plaintiffs' RESPA claim should be dismissed based on the statute of limitations.

A.     <u>Statute of Limitations</u>

Some RESPA claims must be brought within three years of the date of the alleged violation; others must be brought within one year. *See* 12 U.S.C. § 2614 (three years for violations under § 2605; one year for violations under §§ 2607, 2608). Because virtually all Plaintiffs' RESPA claims arose out of the loan origination, which was over three years before they filed this action, the only way their claims survive if they are equitably tolled.

The Court has already held that equitable tolling does not apply to Plaintiffs' claims because they failed to exercise "all due diligence" in "obtain[ing] vital information bearing on

the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Their RESPA claim can therefore be dismissed on statute-of-limitations grounds alone. But there are other reasons to dismiss the claim.

### B. No Cause of Action for RESPA Disclosure Violations

Plaintiffs allege Countrywide and Loan Ex failed to make certain required disclosures during the loan origination, including a good-faith estimate of the real-estate settlement charges. But there is no private cause of action for failure to provide RESPA disclosures. *Ambriz v. Equifirst Corp.*, No. 09cv2387, 2010 WL 2754248, at *1 (S.D. Cal. July 9, 2010) ("Courts have consistently held there is no private right of action for alleged RESPA disclosure violations during the loan origination process.") (citing *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367–68 (11th Cir. 1997). The Court therefore also dismisses Plaintiffs' fourth cause of action to the extent it is based on RESPA disclosure violations at origination.

### C. Claims Related to Mortgage Servicing: Qualified Written Request and Transfer of Servicing Rights

RESPA requires loan servicers to respond to qualified written requests ("QWR"), which are requests for information related to loan servicing, like the outstanding amount due or the interest rate. *See* 12 U.S.C. § 2605(e). A borrower can also use a QWR to challenge the amount due or try to correct any other error by the loan servicer. *See id.* A QWR must be in writing and have enough information so that the servicer can identify the borrower. *Id.* at § 2605(e)(1)(B). If the servicer fails to respond to a QWR, the borrower can seek payment for "any actual damages to the borrower as a result of the failure." *See* 12 U.S.C. § 2605(f). A plaintiff must have suffered actual damages in order to recover under this provision. *Eronini v. JP Morgan Chase Bank NA*, No. 08-55929, 2010 WL 737841, at *1 (9th Cir. Mar. 3, 2010) (affirming dismissal of RESPA claim because plaintiff "suffered no damages").

Here, not only have Plaintiffs failed to allege they suffered damages, but they fail to allege their QWR complied with the requirements of 12 U.S.C. § 2605(e). All they allege is

that "Defendant WACHOVIA has failed to respond to Plaintiffs' Qualified Written Request letter of October 3, 2009." (Compl. ¶ 95.) Not only is Wachovia not a defendant in this matter, but because they do not allege the contents of the QWR or attach it to their Complaint, it is unclear whether Plaintiffs included enough information for the servicer to identify them, or asked for information covered by 12 U.S.C. § 2605. For these reasons Plaintiffs fail to state a claim under RESPA for failure to respond to a QWR.

Plaintiffs also allege that "WACHOVIA violated the requirements of RESPA, 12 U.S.C.§ 2605(a), (b), by failing to disclosure [sic] assignment, sale, or transfer of loan servicing and failing to provide Plaintiffs of notice of any of changes [sic] in the servicer/owner/investor of his loan." (Compl. ¶ 94.) Again, Plaintiffs make allegations against Wachovia, which is not a defendant here. But even if they made an allegation against an entity which is actually a party to this case, their claim would fail. The claim is utterly conclusory and fails to allege Plaintiffs suffered actual damages as a result of the alleged violation. *See Iqbal*, 129 S. Ct. at 1949 (conclusory allegations must be dismissed); *Eronini*, 2010 WL 737841, at *1 (plaintiff must suffer actual damages under § 2605). This claim, too, must be dismissed.

D.     Improper Kickbacks and Fees

Plaintiffs allege Loan Ex and Countrywide violated 12 U.S.C. § 2607 by paying a yield spread premium, and by "providing a person with a fee, kickback or thing of value" in exchange for a referral of a mortgage loan. (Compl. ¶ 92.) Plaintiffs' allegation is conclusory and merely parrots the statutory language of § 2607(a), which says that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value" in exchange for a referral. *See* 12 U.S.C. § 2607(a). Further, paying a yield spread premium to a broker is not a per se violation of § 2607. *Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004, 1014 (9th Cir. 2002). Yield spread premiums are evaluated on the basis of their reasonableness and relationship to the services the loan broker performs for the borrower. *Id.* Plaintiffs have not alleged the amount of the yield spread premium paid to the broker or the services, if any, the

broker provided, so the Court has no way of evaluating whether the alleged yield spread premium violation § 2607(a). For these reasons, the Court dismisses Plaintiffs RESPA claim for improper fees.

### E. Title Insurance Claim

Plaintiffs also claim that "Defendants WORLD SAVINGS and EJ MORTGAGE violated" 12 U.S.C. § 2608 by "requiring, directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company." (Compl. 93.) Not only is this allegation made against non-parties, it again merely parrots the language of RESPA, which says that "[n]o seller of property that will be purchased with the assistance of a federally related mortgage loan shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company." 12 U.S.C. § 2608(a). Plaintiffs fail to allege any facts supporting their claim and the Court must dismiss it. *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

The Court **DISMISSES** Plaintiffs' RESPA claim in its entirety.

## 5. Failure to Provide Spanish-Language Loan Documents

Plaintiffs allege Defendants failed to give them Spanish translations of the loan documents, in violation of California Civil Code § 1632. But unless the loan at issue was negotiated by a real-estate broker, loans secured by real property are exempted from § 1632. *See* Cal. Civ. Code §§ 1632(b)(2), (4); *Orozco v. DHI Mortg. Co. LTD, LP*, No. 09cv1894, 2010 WL 2757285, at *6 (July 13, 2010) ("Loans and extensions of credit secured by real property are generally excluded from [the] requirement" to translate loan documents.). Plaintiffs have not alleged that any of the Defendants are real-estate brokers as defined under California law. *See* Cal. Bus. & Prof. Code § 10240(b) (defining real estate broker as person who "solicits borrowers, or causes borrowers to be solicited, through express or

implied representations that the broker will act as an agent in arranging a loan, but in fact makes the loan to the borrower from funds belonging to the broker").

But even if Plaintiffs did allege Defendants were real-estate brokers, their claim would be barred by the one-year statute of limitations for § 1632 claims. *See* Cal. Civ. Code § 304(a); *Orozco*, 2010 WL 2757285, at *6 (listing cases). Plaintiffs received their loan in March 2006, but did not file suit until August 2009. Equitable tolling does not apply because it would have been obvious to Plaintiffs, even if they cannot read English, that they did not get Spanish translations of the loan documents.

The Court **DISMISSES** Plaintiffs' fifth cause of action under § 1632 in its entirety.

### 6. Violation of California Business and Professions Code § 17200

Plaintiffs' last claim is one for a violation of California Business and Professions Code § 17200. Section 17200 "'borrows' violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992). "Violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim." *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838–39 (1994)).

There is only one surviving claim, which is against Loan Ex. The Court **DISMISSES** this claim with respect to every Defendant but Loan Ex.

## IV. CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss [Doc. 20] and **DISMISSES** every claim except for the breach of fiduciary duty and § 17200 claims against Loan Ex. All Defendants are dismissed except Loan Ex. Plaintiffs have filed three complaints and did not file an opposition to this motion. The Court finds that further amendment would be futile. Defendants Countrywide Bank, NA and Recontrust Company, NA are dismissed from this suit.

Plaintiffs have not served Loan Ex and it has not appeared in this action. Plaintiffs filed their SAC, which added Loan Ex as a Defendant on June 10, 2010. Under Federal Rule of Civil Procedure 4(m), Plaintiffs have 120 days from June 10, 2010 to serve Loan Ex. If Plaintiffs do not effectuate service by the deadline, the Court will enter judgment dismissing this case in its entirety.

**IT IS SO ORDERED.**

DATED: August 31, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge